**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

FRANCIENNA GRANT,

     Plaintiff,

v.

MARSHALL L. WILLIAMS,
SUPERIOR COURT OF CAMDEN NEW
JERSEY, SUPERIOR COURT OF NEW
JERSEY APPELLATE DIVISION,
SUPREME COURT OF NEW JERSEY,

     Defendants.

1:19-cv-16952-NLH-AMD

**OPINION**

---

**APPEARANCES:**

FRANCIENNA GRANT
4 ELLA AVENUE
CAPE MAY COURT HOUSE, NJ 08210

     Plaintiff appearing *pro se*

KATHRYN ANNE MORRIS
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
POX BOX 116
TRENTON, NJ 08625

     On behalf of Defendants

**HILLMAN**, District Judge

     This matter concerns claims by Plaintiff against her former

attorney and the New Jersey state courts arising from the

resolution of her state court complaint against her former

attorney for malpractice and sexual harassment.  Presently

before the Court is the state court Defendants' motion to
dismiss Plaintiff's complaint, and Plaintiff's motion for the
entry of default against the same Defendants.  For the reasons
expressed below, the state court Defendants' motion will be
granted, and Plaintiff's motion will be denied.  Plaintiff will
also be directed to show cause as to why her claims against her
former lawyer should not be dismissed.

### BACKGROUND

On August 20, 2019, Plaintiff Francienna Grant, appearing
*pro se*, filed the instant complaint against Defendant Marshall
L. Williams, who served as Plaintiff's attorney in an employment
discrimination case.[1]  Plaintiff claims that during his
representation of her in that case, Williams sexually harassed
her and otherwise "failed to provide legal due diligence."  As a
result, Plaintiff relates that she filed a legal malpractice
case against Williams in New Jersey Superior Court.  Plaintiff
contends that even though she "won a malpractice complaint
against Williams in Camden County by Judge Pugliese," the

---

[1] Plaintiff's complaint does not provide any details about her
employment discrimination case other than "the federal Judge
dismissed this plaintiffs' Grant's case."  (Docket No. 3-4 at
2.)  This District Court's docket reflects two cases in which
Plaintiff was represented by Williams, both of which were closed
in 2009.  See 1:08-cv-00306-RMB-AMD GRANT v. OMNI HEALTH CARE
SYSTEMS OF NJ, INC.; 1:08-cv-03093-RMB-AMD GRANT v. OMNI HEALTH
SYSTEMS OF NEW JERSEY.

"Camden County Judge refused to award Grant Damages for
Williams' Federal case Malpractice for which he Judge Pugliese
found him guilty of.  And refused to adjudicate Williams' Sexual
Harassment towards me."  (Docket No. 3-4 at 2.)  Plaintiff
states that she appealed Judge Pugliese's decision to the New
Jersey Appellate Division, which "denied" her appeal.  Plaintiff
claims that the Appellate Division improperly permitted Williams
to file his brief "ex-parte," and Williams' brief formed the
basis for the "denial" of her appeal.[2]  (Id. at 3.)  Plaintiff
appealed this decision to the New Jersey Supreme Court, which
Plaintiff relates "affirmed" the Appellate Division.[3]  (Id.)

---

[2] Plaintiff contends that "Marge Hunter" is an "Appellate case
worker who Improperly Admitted Evidence into the record," "who
had to be reprimanded for habitually admitted evidence to the
record in the appeal," and "who consistently tried to dismiss my
appeal."  (Docket No. 3-4 at 4.)  Plaintiff, however, does not
name this individual as a defendant.

[3] When Plaintiff filed her initial complaint it was assigned to
the Hon. Renée Marie Bumb, U.S.D.J.  Plaintiff sought to proceed
*in forma pauperis*, which application was denied because
Plaintiff had sufficient assets to pay the filing fee.  (Docket
No. 2 at 2.)  A month later, Plaintiff paid the filing fee and
submitted an amended complaint.  In her order, Judge Bumb also
related the procedural history of Plaintiff's state court case:
Grant v. Williams, 2018 WL 1936827 (App. Div. April 25, 2018)
(trial court decision); Grant v. Williams, 2018 WL 1936827 (App.
Div. April 25, 2018) (appellate court's affirmance); New Jersey
Supreme Court's denial of Plaintiff's petition for
certification, 236 N.J. 473 (2019), and the denial of
Plaintiff's motion for reconsideration, 238 N.J. 435 (2019).
(Id. at 3.)

3

Plaintiff claims that through their rejection of her sexual harassment case against Williams, the New Jersey courts have caused her mental anguish and financial loss.  Plaintiff asks this Court to reverse the decisions of the New Jersey courts and award her monetary damages from both the New Jersey courts and Williams.  Plaintiff also requests that this Court to order the New Jersey courts to undergo sensitivity training.  (Id. at 5.)

The state court defendants have moved to dismiss Plaintiff's claims against them because of sovereign immunity and the Rooker-Feldman doctrine.  Plaintiff has opposed their motion.  Plaintiff has also filed a motion for the entry of default against the state court defendants because they did not timely respond to her complaint after service.  Williams has not appeared in the action, and Plaintiff's motion for the entry of default is not directed at Williams.

## DISCUSSION

### A.  Subject matter jurisdiction

Plaintiff's asserted basis for this Court's subject matter jurisdiction is 28 U.S.C. § 1331.

### B.  Analysis

#### 1.  State court defendants' motion to dismiss

The state court defendants have moved to dismiss Plaintiff's claims against them pursuant to Federal Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction

4

based on Eleventh Amendment immunity and under the Rooker-
Feldman doctrine.[4]  This Court agrees that Plaintiff's claims
against the state court Defendants should be dismissed for both
reasons.

a.   **Sovereign immunity**

Plaintiff has brought claims pursuant to 42 U.S.C. § 1983
against the state court Defendants.[5]  Section 1983 provides in

---

[4] Rule 12(b)(1) is the proper vehicle to advance these defenses.
See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d
Cir. 1996) (citing Pennhurst State School & Hosp. v. Halderman,
465 U.S. 89, 98-100 (1984)) (explaining that because the
Eleventh Amendment is a jurisdictional bar which deprives
federal courts of subject matter jurisdiction, a motion to
dismiss based on sovereign immunity may properly be considered a
motion to dismiss the complaint for lack of subject matter
jurisdiction under Fed. R. Civ. P. 12(b)(1)); Malhan v.
Secretary United States Department of State, 938 F.3d 453, 458
(3d Cir. 2019) (explaining that the Rooker-Feldman doctrine
"conflicts with the familiar maxim that federal courts have a
'virtually unflagging' duty to exercise jurisdiction conferred
by Congress," but "[a]t the same time, federal district courts
are not amenable to appeals from disappointed state court
litigants.  A litigant seeking to appeal a state court judgment
must seek review in the United States Supreme Court under 28
U.S.C. § 1257"); JDM Group, LLC v. Passaic Valley Water
Commission, 2019 WL 6606967, at *6 (D.N.J. 2019) ("The Rooker-
Feldman doctrine limits the subject-matter jurisdiction of this
Court, and therefore is considered an issue of subject-matter
jurisdiction under Rule 12(b)(1) (citing Gary v. Braddock
Cemetery, 517 F.3d 195 (3d Cir. 2008) (affirming 12(b)(1)
dismissal based on Rooker-Feldman doctrine))).

[5] Plaintiff's amended complaint adds a claim for "Rights under
Title VII of Civil Rights Act of 1964."  (Docket No. 3 at 1.)
The U.S. Supreme Court has explained that "Congress enacted
Title VII to assure equality of employment opportunities without
distinction with respect to race, color, religion, sex, or

pertinent part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or Territory, subjects, or causes to be subjected, any citizen of the United states or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C. § 1983.

"By its terms, of course, [§ 1983] creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere."  City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985).  Thus, "[t]o establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."  Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993).

Plaintiff claims that the state court defendants violated her due process and equal protection rights through their decisions relative to her malpractice and sexual harassment case

---

national origin."  Kremer v. Chemical Const. Corp., 456 U.S. 461, 468 (1982).  Plaintiff does not claim that she had an employment relationship with any of the defendants.  Thus, Plaintiff fails to present a cognizable cause of action under Title VII.

against Williams.  These claims are barred by the Eleventh
Amendment to the U.S. Constitution.

The Eleventh Amendment provides:

The Judicial power of the United states shall not be
construed to extend to any suit in law or equity, commenced
or prosecuted against one of the United states by Citizens
of another state, or by Citizens or Subjects of any Foreign
state.

U.S. Const. amend. XI.  "'That a state may not be sued without
its consent is a fundamental rule of jurisprudence having so
important a bearing upon the construction of the Constitution of
the United States that it has become established by repeated
decisions of this court that the entire judicial power granted
by the Constitution does not embrace authority to entertain a
suit brought by private parties against a state without consent
given.'"  Pennhurst state Sch. & Hosp. v. Halderman, 465 U.S.
89, 98 (1984) (quoting Ex parte state of New York No. 1, 256
U.S. 490, 497 (1921)).  The Supreme Court in Hans v. Louisiana,
134 U.S. 1 (1890), "extended the Eleventh Amendment's reach to
suits by in-state plaintiffs, thereby barring all private suits
against non-consenting states in federal court."  Lombardo v.
Pa. Dep't of Pub. Welfare, 540 F.3d 190, 194 (3d Cir. 2008).
"The state of New Jersey has not waived its sovereign immunity
with respect to § 1983 claims in federal court."  Mierzwa v.
United states, 282 F. App'x 973, 976 (3d Cir. 2008) (citing
Ritchie v. Cahall, 386 F. Supp. 1207, 1209–10 (D.N.J. 1974)).

7

Thus, constitutional claims in federal court may only be asserted against a "person" and not the state, which includes state courts, state agencies, and state actors sued in their official capacities.  See Robinson v. New Jersey Drug Court, 2018 WL 3455480, at *3 (D.N.J. 2018) (citing Callahan v. City of Phila., 207 F.3d 668, 673 (3d Cir. 2000)) (noting that courts have routinely held that the state judiciary is not a "person" under § 1983); Beightler v. Office of Essex County Prosecutor, 342 F. App'x 829, 832 (3d Cir. 2009) (quoting Fitchik v. New Jersey Transit Rail Operations, 873 F.2d 655, 658 (3d Cir. 1989) (en banc)) (providing that the Eleventh Amendment protects state agencies when "'the state is the real party in interest'"); Will v. Michigan Dept. of state Police, 491 U.S. 58, 71 (1989) (holding that neither a state nor its officials acting in their official capacities are "persons" under § 1983); Grohs v. Yatauro, 984 F. Supp. 2d 273, 280 (D.N.J. 2013) (citing Will, 491 U.S. at 65-66) ("The state's sovereign immunity [] is preserved under Section 1983; a state is therefore not a 'person' who may be sued under Section 1983.").

Plaintiff has sued three divisions of the New Jersey court system for allegedly violating her due process and equal protection rights when they adjudicated her case against her former attorney.  Those claims are barred under the Eleventh Amendment, and the Court must therefore dismiss Plaintiff's

claims against the state court defendants because of their
sovereign immunity.

### b.   **Rooker-Feldman** doctrine

Plaintiff's complaint asks this Court to "[r]everse the
appellate Courts appeal findings and the Supreme Courts
affirmation.  And award a Finding that Francienna Grant is due
her damages."  (Docket No. 3-4 at 5.)  This request for relief
is not proper under the Rooker-Feldman doctrine.

Under the Rooker-Feldman doctrine, which is derived from
the two Supreme Court cases District of Columbia Court of
Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity
Trust Co., 263 U.S. 413 (1923), lower federal courts lack
subject matter jurisdiction to engage in appellate review of
state court determinations or to evaluate constitutional claims
that are inextricably intertwined with the state court's
decision in a judicial proceeding.  Port Authority Police Benev.
Ass'n, Inc. v. Port Authority of New York and New Jersey Police
Dept., 973 F.2d 169, 177 (3d Cir. 1992); In re Knapper, 407 F.3d
573, 580 (3d Cir. 2005) ("The Rooker–Feldman doctrine prevents
'inferior' federal courts from sitting as appellate courts for
state court judgments.").

"[T]here are four requirements that must be met for the
Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost
in state court; (2) the plaintiff complain[s] of injuries caused

9

by [the] state-court judgments; (3) those judgments were
rendered before the federal suit was filed; and (4) the
plaintiff is inviting the district court to review and reject
the state judgments." Great Western Mining & Mineral Co. v. Fox
Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quotations
omitted) (discussing Exxon Mobil Corp. v. Saudi Basic Indus.
Corp., 544 U.S. 280, 284 (2005)).  If these requirements are
met, the Rooker-Feldman doctrine prohibits the district court
from exercising jurisdiction.  Id.

Plaintiff's request that this Court reverse the state
courts' decisions and instead find in her favor plainly
implicates the Rooker-Feldman doctrine.  Plaintiff did not
prevail at any level of the New Jersey court system,[6] her
professed injuries arose from those courts' decisions which were
rendered before she filed suit here, and Plaintiff asks this
Court to reverse the outcome and award her damages.  Therefore,
in addition to the state court defendants' sovereign immunity,
this Court lacks subject matter jurisdiction over Plaintiff's
complaint under the Rooker-Feldman doctrine, and it must be
dismissed on this basis as well.  See Holton v. Henon, 2020 WL

---

[6] Plaintiff's next step from an adverse ruling from a state's
highest court is the United States Supreme Court.  See Lance v.
Dennis, 546 U.S. 459, 463 (2006) (explaining that the U.S.
Supreme Court is vested, under 28 U.S.C. § 1257, with exclusive
jurisdiction over appeals from final state-court judgments).

6194690, at *2 (3d Cir. Oct. 22, 2020) (citing 28 U.S.C. §
1257(a); Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de
Guinee, 456 U.S. 694, 701 (1982)) ("Jurisdiction of the lower
federal courts is . . . limited to those subjects encompassed
within a statutory grant of jurisdiction," and "there is a
general absence of statutory authority for any federal court to
hear an appeal from a state court other than the highest court
of a State in which a decision could be had.").[7]

### 2. Plaintiff's motion for default

Plaintiff contends that the state court Defendants failed
to timely appear in this action, and she is entitled to the
entry of default.  Plaintiff served the state court Defendants

---

[7] Plaintiff contends that this Court may exercise subject matter
jurisdiction over her claims against the state court defendants
because of the May 2019 enactment of N.J. Senate Bill 477, which
extended the statute of limitations in civil actions for sexual
abuse claims.  Part of that legislation amended the New Jersey
Tort Claims Act by providing that "immunity from civil liability
granted by that act to a public entity or public employee shall
not apply to an action at law for damages as a result of a
sexual assault, any other crime of a sexual nature, a prohibited
sexual act as defined in section 2 of P.L.1992, c. 7 (C.2A:30B-
2), or sexual abuse as defined in section 1 of P.L.1992, c. 109
(C.2A:61B-1) being committed against a person, which was caused
by a willful, wanton or grossly negligent act of the public
entity or public employee."  N.J.S.A. 59:2-1.3.  To the extent
that Plaintiff's sexual harassment claims against Williams could
constitute the requisite sexual acts as defined by the statute,
Plaintiff does not contend that the state courts caused Williams
to sexually harass her.  Thus, the state court defendants'
immunity is not waived in this case under N.J.S.A. 59:2-1.3.

on October 30, 2019,[8] and their time to answer or otherwise respond expired on November 20, 2019.  The state defendants filed their motion to dismiss on June 4, 2020.  Plaintiff filed her motion for the entry of default on July 2, 2020.

Even though the state court defendants were technically out of time when they responded to Plaintiff's complaint, Plaintiff's motion is procedurally improper and substantively without merit.

Under Federal Civil Procedure Rule 55, obtaining a default judgment is a two-step process:  First, when a defendant has failed to plead or otherwise respond, a plaintiff must request the entry of default by the Clerk of the Court.  Fed. R. Civ. P. 55(a).  Second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court.  Fed. R. Civ. P. 55(b); Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, 175 F. App'x 519, 521, n.1 (3d Cir. 2006).

Here, Plaintiff failed to comply with the first step.

---

[8] Proof of service was docketed on December 19, 2019, but that filing was in error because it concerned proof of service for a different case filed by Plaintiff.  It appears that the proof of service for the state court Defendants here was filed in the other matter.  (See 1:19-cv-12065-RMB-JS GRANT v. ELIAS, Docket No. 13.)

Instead of asking the Clerk to enter default pursuant to Rule
55(a), Plaintiff filed a "motion for the entry of default"
pursuant to "45 CFR 681.10 (a)."  (Docket No. 13.)  This Code of
Federal Regulations section concerns the procedures for the
governmental investigation of fraudulent activity before the
National Science Foundation, and is not appliable in this Court.
See 45 C.F.R. § 681.1 (explaining that the Program Fraud Civil
Remedies Act of 1986, 31 U.S.C. 3801-3812 ("PFCRA") provides
[National Science Foundation], and other Federal agencies, with
an administrative remedy to impose civil penalties and
assessments against persons who make, submit, or present, or
cause to be made, submitted or presented, false, fictitious, or
fraudulent claims or written statements to NSF.").

Even if Plaintiff's motion is construed as a request for
default under Rule 55(a), and even if the Clerk granted that
request, that procedural step would not save Plaintiff's claims
against the state court Defendants.  To obtain a judgment by
default in her favor, Plaintiff must do more than demonstrate
that the state court Defendants appeared late in the action.
See Local Civil Rules 7.1(d) and 7.2; Franklin v. National
Maritime Union of America, (MEBA/NMU), Civ. No. 91-480, 1991 WL
131182, *1 (D.N.J. July 16, 1991) (quoting 10 Wright, Miller &
Kane, Federal Practice and Procedure § 2685 (1983)) (explaining
that when considering an application for entry of a default

13

judgment under Rule 55(b)(2), the Court is "required to exercise 'sound judicial discretion' in deciding whether the judgment should be entered [and] '[t]his element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)'"); Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (explaining that even though by virtue of defendant's default, every "well-plead allegation" of the complaint, except those relating to damages, are deemed admitted, a plaintiff must articulate the substantive legal basis for a finding in its favor).

Moreover, in order to entertain a request for default the Court must have subject matter jurisdiction over the action in the first instance.  See Desi's Pizza, Inc. v. City of Wilkes-Barre 321 F.3d 411, 420 (3d Cir. 2003) (explaining that a court has a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction, which includes the determination of whether the Rooker-Feldman doctrine applies); Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (explaining that federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation).  As expressed above, this Court does not have subject matter jurisdiction over

14

Plaintiff's claims against the state court Defendants.  Thus,
even if Plaintiff's request for default had followed the proper
procedures, it would still fail.

### 3.   Plaintiff's claims against Williams

Plaintiff's motion for the entry of default as to the state
court Defendants raises several issues as to the status of
Plaintiff's claims against Williams.  First, it appears from the
docket that Plaintiff has not successfully served Williams.  It
appears that a process server determined that Williams was no
longer located at his Sampson Street, Philadelphia office
address when he attempted service on three occasions in November
2019.  (Docket No. 8 at 2.)  As a result, on January 22, 2020,
Plaintiff requested the Clerk to issue her a new summons so she
could re-attempt service.  (Docket No. 8 at 1.)  Since then,
Plaintiff has not filed proof of service of her complaint on
Williams.

Second, this Court's subject matter jurisdiction over
Plaintiff's claims against Williams has not been established.
Although Plaintiff averred subject matter jurisdiction of all
her claims under § 1331, the legal basis for Plaintiff's claims
against Williams is unclear.  Plaintiff claims that Williams
sexually harassed her during his representation of her in the
federal court employment discrimination case, perjured himself
in her state court malpractice action against him, and submitted

15

unauthorized briefs to the Appellate Division.  Plaintiff does
not articulate what federal laws Williams allegedly violated to
establish subject matter jurisdiction under § 1331.  To the
extent that subject matter jurisdiction was intended to be
premised on 28 U.S.C. § 1367, with jurisdiction over any state
law claims supplemental to her federal claims advanced against
the state court Defendants, Plaintiff's complaint fails to
identify what state laws Williams allegedly violated.  Moreover,
since the Court lacks subject matter over the original federal
claims the exercise of supplemental claims against Williams
would likely be improper especially since he has not yet even
been served.

     Consequently, the Court will direct Plaintiff to show cause
within 15 days as to why her claims against Williams should not
be dismissed for lack of prosecution for her failure to effect
service,[9] or for lack of subject matter jurisdiction over her

---

[9] See Karlsen v. GEICO, 2020 WL 7417817, at *1 (D.N.J. 2020)
(explaining that Rule 4(m) provides, "[i]f a defendant is not
served within 90 days after the complaint is filed, the court -
on motion or on its own after notice to the plaintiff - must
dismiss the action without prejudice against that defendant or
order that service be made within a specified time. But if the
plaintiff shows good cause for the failure, the court must
extend the time for service for an appropriate period."  Fed. R.
Civ. P. 4(m).  Showing good cause "'requires a demonstration of
good faith on the part of the party seeking enlargement and some
reasonable basis for noncompliance within the time specified by
the rule.'") (citing John Vorpahl v. The Kullman Law Firm, No.

claims against Williams.[10]

## CONCLUSION

Plaintiff's claims against the state court Defendants are barred by the Eleventh Amendment and precluded under the Rooker-Feldman doctrine.  Plaintiff's claims against the state court Defendants must be dismissed, and Plaintiff's request for default against the state court Defendants must be denied. Plaintiff must show cause within 15 days as to why her claims against Williams should not be dismissed for lack of prosecution or for lack of subject matter jurisdiction.

An appropriate Order will be entered.

Date:  January 8, 2021               s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

17-1693, 2018 WL 813879, at *2 (D.N.J. Feb. 8, 2018) (quoting Veal v. United States, 84 F. App'x 253, 256 (3d Cir. 2004)).

[10] See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").