UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCIENNA GRANT,<br><br>    Plaintiff,<br><br>v.<br><br>MARSHALL L. WILLIAMS,<br>SUPERIOR COURT OF CAMDEN NEW<br>JERSEY, SUPERIOR COURT OF NEW<br>JERSEY APPELLATE DIVISION,<br>SUPREME COURT OF NEW JERSEY,<br><br>    Defendants. | 1:19-cv-16952-NLH-AMD<br><br>**OPINION** |

**APPEARANCES:**

FRANCIENNA GRANT
4 ELLA AVENUE
CAPE MAY COURT HOUSE, NJ 08210

   *Plaintiff appearing pro se*

KATHRYN ANNE MORRIS
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
POX BOX 116
TRENTON, NJ 08625

   *On behalf of State Court Defendants*

**HILLMAN**, District Judge

   This matter concerns claims by Plaintiff against her former attorney and the New Jersey state courts arising from the resolution of her state court complaint against her former attorney for malpractice and sexual harassment.  On January 8,

2021, the Court dismissed Plaintiff's claims against the state court Defendants because they were barred by the Eleventh Amendment[1] and were precluded under the Rooker-Feldman doctrine.[2] The Court also denied Plaintiff's request for default against the state court Defendants. As for her claims against her

---

[1] Constitutional claims in federal court may only be asserted against a "person" and not the state, which includes state courts, state agencies, and state actors sued in their official capacities. See Robinson v. New Jersey Drug Court, 2018 WL 3455480, at *3 (D.N.J. 2018) (citing Callahan v. City of Phila., 207 F.3d 668, 673 (3d Cir. 2000)) (noting that courts have routinely held that the state judiciary is not a "person" under § 1983); Beightler v. Office of Essex County Prosecutor, 342 F. App'x 829, 832 (3d Cir. 2009) (quoting Fitchik v. New Jersey Transit Rail Operations, 873 F.2d 655, 658 (3d Cir. 1989) (en banc)) (providing that the Eleventh Amendment protects state agencies when "'the state is the real party in interest'"); U.S. Const. amend. XI ("The Judicial power of the United states shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United states by Citizens of another state, or by Citizens or Subjects of any Foreign state.").

[2] See Vuyanich v. Smithton Borough, 5 F. 4th 379, 385 (3d Cir. 2021) (citations and quotations omitted) ("We have translated the Supreme Court's approach to Rooker-Feldman into a four-pronged inquiry. To trigger the doctrine, the following requirements must be met: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. We have described Prongs 2 and 4 as the key requirements, but only meeting all four requirements prevents a district court from exercising jurisdiction under Rooker-Feldman.").

former attorney, the Court directed Plaintiff to show cause as to why her claims against him should not be dismissed for lack of prosecution or for lack of subject matter jurisdiction. (Docket No. 15.)

Presently pending before the Court is Plaintiff's motion for reconsideration of the dismissal and her claims against the state Defendants, and Plaintiff's response to the Court's order to show cause, filed as "Motion for Order to Show Cause."  The Court will deny each of them.

Turning first to Plaintiff's motion for reconsideration, a motion for reconsideration may be treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i).  The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id.  A motion for reconsideration may not be used to re-litigate

3

old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003); U.S. v. Tuerk, 317 F. App'x 251, 253 (3d Cir. 2009) (quoting Mayberry v. Maroney, 529 F.2d 332, 336 (3d Cir. 1976)) (stating that "relief under Rule 60(b) is 'extraordinary,' and 'may only be invoked upon a showing of exceptional circumstances'").

Plaintiff's moving brief and reply brief (Docket No. 17, 20) regurgitate the same arguments she made in her original opposition to Defendants' motion to dismiss.[3]  Plaintiff does not address any of the factors required for a reassessment of the Court's findings in the January 8, 2021 Opinion.  Consequently, Plaintiff's motion for reconsideration must be denied.

---

[3] Plaintiff expresses concern that the Court did not have copies of all her filings because the matter had been originally assigned to the Hon. Renée Marie Bumb, U.S.D.J., and because of the COVID-19 pandemic, and Plaintiff attaches her prior filings to her motion for reconsideration.  The Court assures Plaintiff that it had access to and reviewed all of her submissions prior to issuing the January 8, 2021 Opinion.

4

With regard to Plaintiff's response to the Order to Show Cause, the Court had directed Plaintiff to show cause as to why her claims against Defendant Marshall L. Williams, who served as Plaintiff's attorney in an employment discrimination case, should not be dismissed for lack of prosecution for her failure to effect service, or for lack of subject matter jurisdiction over her claims against Williams.

As to service on Williams, the Court previously noted that it appeared that a process server determined that Williams was no longer located at his Sampson Street, Philadelphia office address when he attempted service on three occasions in November 2019 (Docket No. 8 at 2), and as a result, on January 22, 2020, Plaintiff requested the Clerk to issue her a new summons so she could re-attempt service (Docket No. 8 at 1), which it did that same day (Docket No. 9).  At the time of the Court's January 8, 2021 Opinion, and since that time, Plaintiff has not filed proof of service of her complaint on Williams.

Rule 4(m) provides, "[i]f a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

Showing good cause "'requires a demonstration of good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance within the time specified by the rule.'" Karlsen v. GEICO, 2020 WL 7417817, at *1 (D.N.J. 2020) (citing John Vorpahl v. The Kullman Law Firm, No. 17-1693, 2018 WL 813879, at *2 (D.N.J. Feb. 8, 2018) (quoting Veal v. United States, 84 F. App'x 253, 256 (3d Cir. 2004)).

In Plaintiff's most recent submission, Plaintiff fails to articulate why service has not been effected on Williams. Plaintiff relates that she "petitioned the court in letter to make additional service upon Williams," and contends that the Court did not respond. (Docket No. 18 at 4.) As set forth above, however, after Plaintiff requested "alternative service," on that same day, January 22, 2020, the Clerk's Office issued Plaintiff an alias summons. (Docket No. 9.) Plaintiff has not provided any evidence that she has utilized that new summons to effect service on Williams.

The Supreme Court has said, "[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. . . ." McNeil v. United States, 508 U.S. 106, 113 (1993). Plaintiff has failed to comply with Rule 4(m) for over a year and a half, and she has not provided good cause for this failure. The Court must dismiss Plaintiff's claims against

6

Williams for lack of service.

Even if the Court permitted Plaintiff to re-serve her complaint on Williams, doing so would be futile because Plaintiff's complaint fails to establish this Court's subject matter jurisdiction over her claims against Williams. As the Court stated in the January 8, 2021 Opinion, this Court's subject matter jurisdiction over Plaintiff's claims against Williams has not been established because:

(1) Although Plaintiff has averred subject matter jurisdiction of all her claims under § 1331, Plaintiff does not articulate what federal laws Williams allegedly violated to establish subject matter jurisdiction under § 1331;

(2) To the extent that subject matter jurisdiction was intended to be premised on 28 U.S.C. § 1367, with jurisdiction over any state law claims supplemental to her federal claims advanced against the state court Defendants, Plaintiff's complaint fails to identify what state laws Williams allegedly violated; and

(3) where the Court lacks subject matter over the original federal claims, the exercise of supplemental claims against Williams would likely be improper especially because he has not been served. (Docket No. 15 at 15-16.)

In her current motions, Plaintiff fails to address the subject matter jurisdiction aspect of the Court's Order to Show

Cause. Complaints filed by *pro se* litigants "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim[s] and [are] not excused from conforming to the standard rules of civil procedure," McNeil, 508 U.S. at 113. Plaintiff has failed to sufficiently plead her claims against Williams so that subject matter jurisdiction may be established. Consequently, in addition to Plaintiff's lack of service of her complaint on Williams, Plaintiff's claims against Williams must be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration and her "Motion for an Order to Show Cause" must be denied. Plaintiff's claims against Williams will be dismissed for lack of prosecution and for lack of subject matter jurisdiction.

An appropriate Order will be entered.


Date:  August 31, 2021       s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.