**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

FRANCIENNA GRANT,

    Plaintiff,

v.

MARSHALL L. WILLIAMS,
SUPERIOR COURT OF CAMDEN NEW
JERSEY, SUPERIOR COURT OF NEW
JERSEY APPELLATE DIVISION,
SUPREME COURT OF NEW JERSEY,

    Defendants.

1:19-cv-16952-NLH-AMD

**OPINION**

---

**HILLMAN**, District Judge

    This matter comes back before the Court on Plaintiff Francienna Grant's unopposed motion for reconsideration [Docket Number 23], requesting that the Court reconsider the August 31, 2021 Opinion and Order [Dkt. Nos. 21 and 22 respectively] that denied Plaintiff's motion for reconsideration of the Court's January 8, 2021 Opinion and Order. [Dkt. Nos. 15 and 16 respectively]. The January 8, 2021 decision dismissed this case for lack of subject matter jurisdiction and dismissed her claims against her former attorney.

    The Court has decided the present motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). The Court has considered Plaintiff's

submissions, and for the reasons expressed below, Plaintiff's motion is denied.

<u>**BACKGROUND**</u>

The Court provided a detailed outline of the factual and procedural history of this case in its January 8, 2021 Opinion and Order [Dkt. Nos. 15 and 16 respectively], dismissing Plaintiff's claims against the New Jersey court system Defendants (the "state judiciary"), and its August 31, 2021 Opinion and Order [Dkt. Nos. 21 and 22 respectively], denying reconsideration of the January 8, 2021 ruling and dismissing the claims against Defendant Marshall L. Williams.  The Court assumes Plaintiff's familiarity with these opinions and the relevant history; accordingly, the Court shall restate only the salient facts relevant to the instant motion for reconsideration.

The Court's January 8, 2021 Opinion and Order dismissed Plaintiff's case against the state judiciary with prejudice. The Court found that Plaintiff's claims against the state judiciary were barred as a matter of law by the Eleventh Amendment and, more universally, her case was precluded under the <u>Rooker-Feldman</u> doctrine.  Thus, the Court was compelled to dismiss the action for lack of subject matter jurisdiction – a deficiency that cannot be cured by further amendments.

On a separate note, the Court's January 8, 2021 Opinion and

2

Order also addressed Plaintiff's claims against the remaining
Defendant, Williams.  The Court noted that Plaintiff never
effectuated service on Williams and that she had not
demonstrated subject matter jurisdiction for her claims against
him.  In particular, the Court emphasized that Plaintiff failed
to articulate the legal basis establishing federal question
jurisdiction or even supplemental jurisdiction for there to be
subject matter jurisdiction for her claims against Williams.
The Court directed Plaintiff to show cause within fifteen days
as to why her claims against Williams should not be dismissed
for lack of prosecution for her failure to effectuate service or
for lack of subject matter jurisdiction.

Disagreeing with the Court's ruling and responding to the
Order to Show Cause, Plaintiff filed a motion for
reconsideration (the "first motion for reconsideration") [Dkt.
No. 17] and a response to the Court's Order to Show Cause,
entitled "Motion to Show Cause Not to Dismiss for Lack of
Prosecution and Subject Matter Jurisdiction" [Dkt. No. 18] on
January 22, 2021.  The first motion for reconsideration
regurgitated the same arguments raised in Plaintiff's opposition
to the state judiciary's motion to dismiss.  Specifically,
Plaintiff again argued that the state judiciary's motion was
untimely, thereby precluding the state judiciary from moving to
dismiss for lack of subject matter jurisdiction and sovereign

3

immunity.  Plaintiff responded to the Order to Show Cause
claiming she had been diligent in prosecuting the case despite
her failure to serve Williams because she had prosecuted her
claims against the state judiciary.  She did not address the
issue of subject matter jurisdiction.

On August 31, 2021, the Court issued an Opinion and Order
denying Plaintiff's motion for reconsideration and dismissing
Williams from the case with prejudice for failure to prosecute
her claims against Williams and for failing to demonstrate
subject matter jurisdiction for her claims against Williams.
The Court found Plaintiff's arguments on reconsideration did not
address a single reconsideration factor[1] and merely constituted
recitations of her earlier arguments in opposition to the motion
to dismiss.

As to the Order to Show Cause, the Court found Plaintiff
failed to serve Williams and did not articulate a reason for
failing to do so.  Although the Court issued an alias summons,
Plaintiff failed to present evidence or argument that she so

---

[1] The Court explained that "[a] judgment may be altered or
amended only if the party seeking reconsideration shows: (1) an
intervening change in the controlling law; (2) the availability
of new evidence that was not available when the court granted
the motion for summary judgment; or (3) the need to correct a
clear error of law or fact to prevent a manifest injustice."
Opinion, [Dkt. No. 21], at 3, citing Max's Seafood Cafe ex rel.
Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

much as attempted to utilize the new summons to effect service on Williams.  Moreover, the Court found that service would be futile because Plaintiff failed to establish subject matter jurisdiction – as previously noted, she did not address this point.  Despite affording Plaintiff the opportunity to explain the basis for subject matter jurisdiction, she never articulated what federal law or laws Williams allegedly violated to establish subject matter jurisdiction under 28 U.S.C. § 1331 and the record does not present a basis to support supplemental jurisdiction over any potential state law claims.

On September 10, 2021, in response to the Court's denial of reconsideration and dismissal of Williams, Plaintiff filed the instant motion for reconsideration, essentially requesting a second and even third bite at the apple asking the Court to reconsider the prior rulings.  No opposition was filed.  The motion for reconsideration is ripe for adjudication.

## DISCUSSION

Plaintiff argues that errors by this Court and newly discovered evidence warrant the Court to reconsider, reopen, and reverse the prior rulings.  Specifically, Plaintiff argues there were errors in law based on the proceedings at both trial and appellate levels in the New Jersey court system.  Plaintiff avers this Court made a mistake and clerical error in dismissing Williams for Plaintiff's lack of prosecution.  Plaintiff also

claims this Court lacked a justification to dismiss the state judiciary Defendants for lack of subject matter jurisdiction. Finally, Plaintiff argues that newly discovered evidence in the form of a June 30, 2020 ethics decision regarding Williams warrants the Court to reconsider the prior rulings.

As noted in the Court's August 31, 2021 Opinion, reconsideration may be treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i).[2]  The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc., 176 F.3d at 677.  A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the

---

[2] Plaintiff's motion for reconsideration is made pursuant to "CR59(a)(1), CR59(a)(3), CR59(a)(4), CR59(a)(5), CR59(a)(7), 59(a)(8), CR59(a)(9), CR60(b)(1), and CR60(b)(2)."  It is unclear which rules of procedure Plaintiff is citing to as the citations do not map neatly onto the Federal Rules of Civil Procedure, our Local Civil Rules, or even the Rules Governing the Courts of the State of New Jersey.  For example, there are no subsections with numbers above in Federal Rule of Civil Procedure 59.  While there are subsections (b)(1) and (b)(2) of Federal Rule of Civil Procedure 60, the precise nature of Plaintiff's motion is of no moment.  Whatever the procedural vehicle might be for her application, she provides no substantive grounds for reconsideration.

court previously ruled; or (3) the need to correct a clear error
of law or fact or to prevent manifest injustice.  Id.  A motion
for reconsideration may not be used to re-litigate old matters
or argue new matters that could have been raised before the
original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C.
v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and
mere disagreement with the Court will not suffice to show that
the Court overlooked relevant facts or controlling law, United
States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J.
1999), and should be dealt with through the normal appellate
process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F.
Supp. 2d 368, 381 (D.N.J. 2003); U.S. v. Tuerk, 317 F. App'x
251, 253 (3d Cir. 2009) (quoting Mayberry v. Maroney, 529 F.2d
332, 336 (3d Cir. 1976)) (stating that "relief under Rule 60(b)
is 'extraordinary,' and 'may only be invoked upon a showing of
exceptional circumstances'")).  Ultimately, "[r]econsideration
is an extraordinary remedy that is granted very sparingly."
Brackett v. Ashcroft, No. 03-3988 (WJM), 2003 U.S. Dist. LEXIS
21312, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted);
see also L. Civ. R. 7.1(i), cmt. 6(d).

Applying the above standard against the instant record, the
Court finds Plaintiff has not demonstrated a basis for
reconsideration.  There is nothing to warrant reconsideration of
the prior reconsideration opinion and decision to dismiss

Williams.

Overall, Plaintiff again repeats and merely restates the same arguments and bald assertions she previously raised, namely that the state courts erred and that this Court improperly dismissed the Defendants.  Despite claiming the Court made legal errors, Plaintiff does not articulate how the Court erred in its analysis of the Rooker-Feldman doctrine and sovereign immunity, nor in its analysis of reconsideration.  In contrast, the Court's prior opinions on the issue of subject matter jurisdiction are clear.  There are no legal errors, let alone clerical errors, as Plaintiff so wildly and baselessly claims. And, as for any alleged legal errors in the state court proceedings, such issues are not properly presented because this Court does not sit in appellate review of state court proceedings – this is the essence of the Rooker-Feldman doctrine.  Plaintiff's requests for relief simply amount to disagreement with the Court's decisions.  See Boretsky v. New Jersey, 433 F. App'x 73, 78 (3d Cir. 2011) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment").  Again, Plaintiff's disagreement with the Court's decision and attempt to take a second and third bite at the apple is insufficient to warrant reconsideration. Id.

Plaintiff also fails to present a valid basis for reconsideration of the Court's dismissal of Williams.  As the Court explained in its August 31, 2021 Opinion, Plaintiff was directed to show cause why her claims against Williams should not be dismissed for lack of prosecution and lack of subject matter jurisdiction.  Plaintiff now baldly claims "all service and papers requested and received were acted upon and filed accordingly."  However, this averment has no support in the record.  After affording Plaintiff over a year and half of multiple opportunities to serve Williams, the record plainly demonstrates that Plaintiff failed to serve Williams with the Complaint and failed to articulate why service had not been effectuated.  Thus, the Court held Plaintiff failed to present good cause for her failure, such that the claims against Williams must be dismissed for lack of service.  Likewise, dismissal was entirely appropriate as the pleadings do not articulate a basis for the Court to exercise subject matter jurisdiction – an issue that Plaintiff failed to address, despite the Court's instructions in the Order to Show Cause that the matter would be dismissed for lack of subject matter jurisdiction unless Plaintiff presented a valid basis.

The only novel argument articulated by Plaintiff is her claim that newly discovered evidence, in the form a June 30, 2020 ethics decision ("ethics decision") regarding Williams, now

requires the Court to reconsider the ruling dismissing Plaintiff's claims against him.  Plaintiff's brief, of course, makes no attempt to articulate a substantive argument on this point.  Instead, her brief simply claims the ethics decision supports plaintiff's claims against Williams.

Although not clearly invoked by Plaintiff, Federal Rule of Civil Procedure 60(b)(2) does provides courts with the authority to grant relief from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 59(b) states: "A motion for a new trial must be filed no later than 28 days after the entry of judgment."  Plaintiff claims the Office of Attorney Ethics of the Supreme Court of New Jersey forwarded a copy of the ethics decision to her on February 17, 2021 – weeks after Plaintiff's response to the order to show cause was due.  Thus, Plaintiff contends she presented newly discovered evidence that, with reasonable diligence, could not have been discovered prior to her January 22, 2021 response to the Order to Show Cause.

However, turning to the merits of Plaintiff's newly discovered evidence argument there is no disputing that the evidence Plaintiff considers to be "newly discovered" became publicly available on June 30, 2020, when the Disciplinary Review Board of the Supreme Court of New Jersey issued the

ethics decision.  A fundamental question is thus whether, with reasonable diligence, Plaintiff could have discovered this evidence in the period from June 30, 2020 - when the ethics decision was issued - to August 31, 2021 when the Court dismissed Williams.  Plaintiff does not address this issue, nor does she argue that the "newly discovered evidence" should somehow alter the Court's ruling to dismiss based on her failure to serve Williams and an overall lack of subject matter jurisdiction.  Accordingly, Plaintiff has not shown that she exercised reasonable diligence.  The ethics decision was available long before the Court issued even its first ruling in this case.  The Court therefore rejects the ethics decision as newly discovered evidence since Plaintiff could have obtained it as early as June 30, 2020.  See, e.g., Blystone v. Horn, 664 F.3d 397, 415-16 (3d Cir. 2011) (holding that "'new evidence,' for reconsideration purposes, does not refer to evidence that a party … submits to the Court after an adverse ruling.  Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.") (id. quoting Howard Hess Dental Labs, Inc. v. Dentsply, Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010)); In re Merck & Co., Inc. Securities, Derivative & ERISA Litig., MDL No. 1658, 2016 WL 8674608, at **1-2 (D.N.J. Dec. 23, 2016) ("[e]vidence that is contained in the public records at the time

11

of trial cannot be considered newly discovered evidence") (<u>id.</u>
quoting <u>Scutieri v. Paige</u>, 808 F.2d 785, 794 (11th Cir. 1987)).
Moreover, Plaintiff's "newly discovered evidence" does not
change the fact that Plaintiff did not serve Williams and failed
to demonstrate subject matter jurisdiction, making the outcome
of dismissal unchanged.

### CONCLUSION

Plaintiff fails to demonstrate a basis to invoke the
extraordinary relief of reconsideration.  For the foregoing
reasons, Plaintiff's motion for reconsideration must be denied.

An appropriate Order will be entered.


Date: June 22, 2022                s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.