## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

FRANCIENNA GRANT

       *Plaintiff,*

        v.

MARSHALL L. WILLIAMS;
SUPERIOR COURT OF CAMDEN NEW
JERSEY; SUPERIOR COURT OF NEW
JERSEY APPELLATE DIVISION;
and, SUPREME COURT OF NEW
JERSEY

       *Defendants.*

---

No. 1:19-cv-16952-NLH-AMD

**OPINION & ORDER**

**<u>APPEARANCES</u>:**

Francienna Grant
4 Ella Avenue
Cape May Court House, NJ 08210

    *Plaintiff appearing Pro Se*

Marshall L. Williams
1201 Sansom Street
3rd Floor
Philadelphia, PA 19107

    *Defendant appearing Pro Se*

Kathryn Anne Morris
Deputy Attorney General
R.J. Hughes Justice Complex
P.O. Box 116
Trenton, New Jersey 08625

    *Representing Defendants*
    *Supreme Court of New Jersey;*
    *Superior Court of New Jersey,*
    *Appellate Division; and*
    *Superior Court of New Jersey,*
    *Camden Vicinage*

**HILLMAN**, District Judge

WHEREAS, on January 8, 2021, this Court: granted Defendants Superior Court of Camden New Jersey, Superior Court of New Jersey Appellate Division, and Supreme Court of New Jersey's Motion to Dismiss Plaintiff's Amended Complaint for lack of jurisdiction; denied Plaintiff's Motion for Entry of Default; and, issued a Rule for Plaintiff to Show Cause as to why her claims against Defendant Marshall L. Williams should not be dismissed for want of prosecution or lack of subject matter jurisdiction (ECF No. 16.); and

WHEREAS, on January 22, 2021, Plaintiff filed a Motion for Reconsideration of this Court's January 8, 2021 Order (ECF No. 17.); and

WHEREAS, on August 31, 2021, this Court: denied Plaintiff's Motion for Reconsideration; dismissed all claims against Defendant Marshall L. Williams; and, ordered the Clerk of Court to mark the matter "Closed" (ECF No. 22.); and

WHEREAS, on September 10, 2021, Plaintiff filed a Motion for Reconsideration of the court's denial of her prior Motion for Reconsideration (ECF No. 23.); and

WHEREAS, on June 22, 2022, this Court: directed the Clerk of Court to reopen the case; denied Plaintiff's

Second Motion for Reconsideration; directed the Clerk of Court to serve the denial Order upon Plaintiff via regular mail; and, directed the Clerk of Court to mark the matter "Closed"  (ECF No. 25.); and

WHEREAS, on July 21, 2022, Plaintiff filed a Notice of Appeal (ECF No. 31) to this Court's Orders granting Defendants Superior Court of Camden New Jersey, Superior Court of New Jersey Appellate Division, and Supreme Court of New Jersey's Motion to Dismiss Plaintiff's Amended Complaint for lack of jurisdiction, and denying Plaintiff's second Motion for Reconsideration (ECF Nos. 16, 25); and

WHEREAS, also on July 21, 2022, Plaintiff filed a Motion for Extension of Time to File Appeal (ECF No. 26); and.

WHEREAS, on July 26, 2022, this Court denied Plaintiff's Motion for Extension of Time as moot based upon Plaintiff's filing of a timely Notice of Appeal, said Appeal being docketed by the Third Circuit Court of Appeals at Appeal Docket No. 22-3108 (ECF Nos. 27, 31-32.); and

WHEREAS, on August 2, 2022, Plaintiff filed a Motion to Recuse, in which she maintains "I make the motion to recuse Judge Noel L. Hillman from the above referenced case on the basis that he is biased.  I believe he is prejudiced against me and I do not believe that I can have a fair

process and impartial trial." (ECF No. 28.); and

WHEREAS, "[a]s a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal."  *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985); *see also Karupaiyan v. Naganda,* No. 22-2066, 2022 U.S. App. LEXIS 27647, at *2, n.2 (3d Cir. Oct. 4, 2022) (finding the District Court "properly rejected [for lack of jurisdiction . . . a motion for a permanent injunction and a motion to appoint counsel, and to appoint himself guardian ad litem,] which were filed while this appeal was pending.") (citing *Venen*, 758 F.2d at 120); and

WHEREAS, because Plaintiff's Motion to Recuse fundamentally involves the propriety of this Court's rulings which are currently pending on appeal, said Court is without jurisdiction to entertain same.

THEREFORE, it is on this 28th day of February 2023,

**ORDERED** that Plaintiff's Motion for Recusal (ECF No. 28) be, and the same hereby is, DENIED WITHOUT PREJUDICE for lack of jurisdiction.


/s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.